United States District Court
Southern District of Texas
**ENTERED**
March 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH WAYNE GLOVER, (TDCJ-CID #1838711) § § § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-16-2484 |
| § | |
| LORIE DAVIS, § § § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Kenneth Wayne Glover, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a state felony conviction for driving while intoxicated, enhanced because it was at least a third offense. The respondent filed a motion to dismiss the petition for failure to exhaust available state court remedies, with a copy of the state-court record. Glover filed a response. (Docket Entries Nos. 15, 21 and 22). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.　Background**

A jury found Glover guilty of the felony offense of driving while intoxicated, third offense or more. (Cause Number 11-06-06204-CR). On January 28, 2013, the jury sentenced Glover to life imprisonment. The Ninth Court of Appeals of Texas affirmed Glover's conviction on March 26, 2014, reforming the judgment after concluding that the evidence was insufficient to prove that Glover had used his vehicle as a deadly weapon. The Texas Court of Criminal Appeals refused Glover's petition for discretionary review on February 4, 2015. Glover filed an application for state

habeas corpus relief on January 25, 2016, and the Texas Court of Criminal Appeals dismissed it as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure on August 10, 2016.

On January 29, 2016, this court received Glover's federal petition. Glover contends that his conviction is void because:

(1) appellate counsel rendered ineffective assistance by failing to raise the following issues on appeal:

   a. a voir dire challenge on special issues;

   b. the trial court's denial of his motion for continuance;

   c. the trial court's improper limitation on direct examination;

   d. the State's introduction of a res gestae offense; and

   e. the trial court's denial of his motion to strike enhancement;

(2) the prosecutor withheld favorable information during both the liability and punishment stages of trial;

(3) the trial court was openly biased in favor of the State; and

(4) the appellate court's decision was an unreasonable determination of the facts from the record on appeal in violation of the Eighth Amendment.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

The threshold issue of exhaustion is discussed below.

## II. The Issue of Exhaustion

State prisoners suing under Section 2254 must litigate their claims in state court before applying for federal collateral relief, unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971);

*Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To exhaust, a petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)). A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

The respondent argues that Glover failed to present any of his grounds for federal habeas relief to the Texas Court of Criminal Appeals in a petition for discretionary review. Though Glover filed an application for state habeas corpus relief challenging his conviction, he did so in a procedurally incorrect manner. As a result, the Texas Court of Criminal Appeals dismissed Glover's state writ of habeas corpus under Texas Rules of Appellate Procedure 73.1 as noncompliant.

Glover responds that there was an absence of available state corrective process, thereby mooting the exhaustion requirement. The state habeas court did not give him time to respond. (Docket Entry No. 21, p. 2). Glover argues that the state habeas court incorrectly determined that he went over the page limit on the state application, in violation of Texas Rules of Appellate

Procedure 73.1, and the Texas Court of Criminal Appeals denied his motion to develop disputed facts in an order issued January 4, 2017. (Docket Entry No. 22, p. 1). Glover's arguments are unpersuasive because they do not show that the Texas Court of Criminal Appeals had the opportunity to consider the merits of his habeas claims.

"A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Glover has neither alleged nor demonstrated facts supporting a statutory exception to the exhaustion doctrine. Texas law allows Glover to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. This federal petition is dismissed, without prejudice, to allow Glover to do so.

### III. Conclusion

The respondent's motion to dismiss for failure to exhaust available state court remedies, (Docket Entry No. 15), is granted. Glover's petition for a writ of habeas corpus is denied. This case is dismissed without prejudice for failure to exhaust the remedies on all his claims to the highest state court of criminal jurisdiction. 28 U.S.C. § 2254. Any remaining pending motions are denied as moot.

A Certificate of Appealability will not issue. A certificate requires a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). A petitioner makes a substantial showing by demonstrating that the petition involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate should not issue if the prisoner does not show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Glover has not made the necessary showing.

SIGNED on March 24, 2017, at Houston, Texas.

                                                    Lee H. Rosenthal
                                        Chief United States District Judge